IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH JR., <br><br> Plaintiff, <br><br> vs. <br><br> DEPRTMENT OF HEAITH AND HUMAN SERVICES, and JESSICA DRYER and her capacity, <br><br> Defendants. | 4:22CV3070 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff claims he is being harassed and discriminated against by the Nebraska Department of Health and Human Social Services ("NDHHS") and Jessica Dryer for alleged nonpayment of child support. This case is similar to one Plaintiff filed in 2018 against Jessica Dryer and the State of Nebraska, which failed to pass initial review, *see Bush v. Dryer*, No. 4:18CV3085, 2018 WL 5839786, at *3 (D. Neb. Nov. 7, 2018), and subsequently was dismissed for lack of prosecution.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

NDHHS is a state agency. *See* Neb. Rev. Stat. § 81-601. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Claims for a declaration of past constitutional violations against the state, its agencies, and state employees in their official capacities are likewise barred by Eleventh Amendment immunity. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past). In addition, a state or state agency is not a "person" as that term is used in § 1983, and is not suable under the statute. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991).

A state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Because Plaintiff does not specify that Ms. Dryer is sued in her individual capacities, it must be presumed that she is sued only in her official capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Plaintiff does not allege that Ms. Dryer is an NDHHS employee. Plaintiff alleged in the prior action that Ms. Dryer was employed by the Lancaster County Attorney's Office. If this is still the case, then no actionable claim is stated against her because in order to prevail on an official-capacity claim under § 1983, a plaintiff must show that the alleged constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).[1]

---

[1] "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700).

If, on the other hand, Ms. Dryer is an NDHHS employee, then the claim still fails because it is not apparent that Plaintiff is seeking prospective injunctive relief. In fact, Plaintiff's Complaint does not request any type of relief, which is contrary to federal pleading practice. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain … a demand for the relief sought, which may include relief in the alternative or different types of relief.").

In addition, there are not sufficient facts alleged in the Complaint to show that Plaintiff's constitutional rights have been or continue to be violated by Ms. Dryer, either in her official or individual capacity. Plaintiff does not allege that he is being discriminated against because of his race or membership in another protected class under the Equal Protection Clause, nor are there any facts alleged to support an equal protection claim under a class-of-one theory. "A class-of-one claim is stated when a plaintiff alleges that a defendant intentionally treated [him] differently from others who are similarly situated and that no rational basis existed for the difference in treatment." *Mathers v. Wright,* 636 F.3d 396, 399 (8th Cir. 2011).

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief may be granted and because NDHHS and Ms. Dryer in her official capacity are immune from suit for monetary relief under the Eleventh Amendment. On the court's own motion, however, Plaintiff will be granted leave to amend within 30 days.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

---

A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) if he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **June 13, 2022**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 13th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge