IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLIE B. BUSH JR., | 4:22CV3070 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| DEPRTMENT OF HEAITH AND HUMAN SERVICES, and JESSICA DRYER and her capacity, | |
| Defendants. | |

This matter is before the court for initial review of Plaintiff's Amended Complaint (Filing 7).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff claims he is being harassed and discriminated against by the Nebraska Department of Health and Human Social Services ("NDHHS") and Jessica Dryer for alleged nonpayment of child support.[1]

The court previously determined that Plaintiff's original Complaint (Filing 1), when liberally construed as a civil rights action brought under 42 U.S.C. § 1983, was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failure to state a claim upon which relief may be granted and because NDHHS and Ms. Dryer in her official capacity are immune from suit for monetary relief under the Eleventh Amendment. On the court's own motion, however, Plaintiff was granted leave to amend. See Memorandum and Order entered on May 13, 2022 (Filing 6).

The only difference between Plaintiff's original Complaint and his Amended Complaint is the addition of a request for relief of $75,000 in damages. This minor change does not cure any of the numerous pleading deficiencies that were discussed in the court's previous Memorandum and Order.

As the court previously explained, NDHHS is a state agency which cannot be sued for damages under § 1983. And because Plaintiff does not specify that Ms. Dryer is sued in her individual capacity, it must be presumed that she is sued only in her official capacity, which is the same as suing NDHHS. The court also explained that while an official-capacity claim seeking prospective injunctive relief might be brought against Ms. Dryer in her official capacity as an NDHHS employee, Plaintiff had not included a claim for prospective injunctive relief in his Complaint. Nor has

---

[1] This case is similar to one Plaintiff filed in 2018 against Jessica Dryer and the State of Nebraska, which failed to pass initial review, *see Bush v. Dryer*, No. 4:18CV3085, 2018 WL 5839786, at *3 (D. Neb. Nov. 7, 2018), and subsequently was dismissed for lack of prosecution.

Plaintiff included such a claim in his Amended Complaint. Plaintiff instead specifies he is seeking damages, but he continues to sue NDHHS and does not state that he is suing Ms. Dryer in her individual capacity. Thus, no plausible claim for relief is stated against either Defendant.

The court further explained in its previous Memorandum and Order that if Plaintiff is instead suing Ms. Dryer in her official capacity as an employee of the Lancaster County Attorney's Office, where she allegedly was working "a few years ago," then in order to state an official-capacity claim he would need to allege that his constitutional rights were violated because of an official policy, an unofficial custom, or a deliberately indifferent failure to train and supervise. No such allegation is made in the Amended Complaint.

Finally, and perhaps most importantly, the court explained that there were not sufficient facts alleged in the Complaint to show that Plaintiff's constitutional rights have been or continue to be violated by Ms. Dryer, either in her official or individual capacity. Plaintiff did not allege that he is being discriminated against because of his race or membership in another protected class under the Equal Protection Clause, nor were there any facts alleged to support an equal protection claim under a class-of-one theory. No such facts are included in the Amended Complaint, either.

To the extent Plaintiff may be basing his claim on state law rather than on the United States Constitution, then his claim fails for other reasons.

Although the Nebraska Legislature has waived sovereign immunity for certain kinds of torts against the State of Nebraska and its agencies, this waiver does not extend to actions maintained in federal court. The State Tort Claims Act ("STCA") grants exclusive jurisdiction over those claims to "the district court of the county in which the act or omission complained of occurred...." Neb. Rev. Stat. § 81-8,214. Consequently, any waiver of the state's sovereign immunity in the STCA "does not extend to actions brought in federal court." *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017).

Regarding Lancaster County, the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 *et seq.*, is the exclusive means by which a tort claim may be maintained against a political subdivision or its employees.

3

*Geddes v. York Cnty.*, 729 N.W.2d 661, 665 (Neb. 2007). Although the PSTCA does not require suits to be filed in state court, a federal court does not have original jurisdiction to entertain such suit unless the amount in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332. Although Plaintiff seeks $75,000 in damages, he resides in Nebraska and does allege there is diversity of citizenship.

## IV. CONCLUSION

Plaintiff's Amended Complaint does not address any of the problems that were pointed out in the court's previous Memorandum and Order, and is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). The court will not sua sponte grant further leave to amend.

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 3rd day of June, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

4